KEYS MANUF'G Co. and others *v.* KIMPEL and others.[1]

*(Circuit Court, E. D. Missouri.* December 1, 1884.)

JURISDICTION—MORTGAGE—GENERAL ASSIGNMENT.

> Where a state court has full control of mortgaged property under a general assignment, a federal court will not entertain a bill asking to have the mortgage declared to be for the benefit of all the mortgagor's creditors.

In Equity. Demurrer to plea.

The complainants are creditors of John Kimpel. As such, they file their bill, and state that said Kimpel, while insolvent, mortgaged all his personal property in St. Louis and Kansas City to one Frederick Vaugh, (now deceased,) and subsequently made a general assignment, for the benefit of his creditors, to one Henry Zeigenheim; and complainants pray that said mortgage be declared to be for the benefit of all said Kimpel's creditors. The administrator of said Vaugh, who is a party defendant, has filed a plea to the jurisdiction of this court, on the ground that all of said Kimpel's property is now being administered upon by said assignee under the orders of the St. Louis circuit court, and states that complainants have proved up their claims before said assignee, and that certain allowances have been made them; that said administrator has filed a petition in said court claiming, by virtue of said mortgage, to have an interest in the property therein-described; that said court has ordered said mortgaged property sold free and clear of all claims and demands of said administrator, but reserving to him the same right to prefer such claims against the proceeds realized from such sale as he had against said property; that said property has been sold; that the proceeds are now held subject to the order of said court; and that said court has full custody, cognizance, power, and authority of and in said estate, and power to decide upon the rights of all parties claiming in the premises.

*Mills & Flitcraft, Gilbert Elliot,* and *Geo. R. Lockwood,* for complainants.

*Rudolph Schulenburg,* for Julius C. Hartman, administrator of Frederick Vaugh.

TREAT, J. There seems to be some misunderstanding at the bar concerning the rulings made during this and a former term with respect to mortgages, and deeds of trust to secure indebtedness; and also concerning partial and general assignments under the Missouri statutes. The bill sets out a mortgage, and not an assignment; the right of redemption being in the mortgagor. Whether under proper allegations and proofs such a mortgage could be held to operate as a general assignment for the benefit of *all* creditors, it is unnecessary

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

to discuss. It must suffice that the plea avers that the entire property covered by said mortgage, and a subsequent general assignment, is now in the custody of a state circuit court, and is in the course of administration by it. The case of *Taylor* v. *Carryl*, 20 How. 583, seems to be conclusive on the point. True, the doctrine announced in that case was brought into apparent doubt in the case of *Payne* v. *Hook*, 7 Wall. 425, which latter case was so far modified by the subsequent rulings of the United States supreme court in the same case of *Hook* v. *Payne*, 14 Wall. 252, as practically to leave the prior doctrine, which is more in accord with our systems of jurisprudence, undisturbed. Inasmuch as the state circuit court has full control of the property and funds involved, and is administering the same through its duly-qualified officer, not only comity, but sound principles of law, require that there should be no such conflicts of jurisdiction as are sought in this case.

Demurrer overruled, and bill dismissed.